

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Wm. J. Tucker
Executive Secretary
Game, Fish & Oyster Commission
Austin, Texas

Dear Mr. Tucker:

Opinion No. O-5679
Re: Whether Articles 950 and
951 of the Code of Criminal
Procedure, must be read into
Section 6 of H. Bill No. 439,
Acts of the 48th Legislature,
Regular Session, 1943, the
new anti-pollution law, so
as to authorize the sheriff
to receive five (5%) per cent
and the prosecuting attorney
to receive ten (10%) per cent
of the amount of all fines
collected.

Your letter of October 18, 1943, requesting the
opinion of this department on the question stated therein,
reads, in part, as follows:

"Must Articles 950 and 951 of the Code
of Criminal Procedure be read into Section 6 of
House Bill 439, the new anti-pollution law, so
as to authorize the sheriff to receive 5 per cent
and the prosecuting attorney to receive 10 per
cent of the amount of all fines collected?

"We have at hand your opinion No. O-578.

"Some confusion has arisen in reference to
the collection of fines in pollution cases under
House Bill 439, because duly elected sheriffs and
county attorneys are claiming fees of five per cent
and ten per cent respectively, of all fines collected."

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Wm. J. Tucker, page 2

House Bill No. 439, Acts of the 48th Legislature, Regular Session, 1943, is:

"AN ACT providing that it shall be unlawful for any person, firm, corporation, association, town, city or other political subdivision of this State or any agent, officer, employee or representative of same to pollute any public body of service water of this State; defining the term 'pollute;' defining the terms 'public body of service water of this State;' providing certain exceptions to this Act; prescribing penalties for the violation of this Act; providing for the enforcement of this Act; prescribing certain duties for state officials; providing for the disposition of fines and fees under this Act; expressly repealing Articles 697 and 698 of the Penal Code of Texas of 1925, and Chapter 42, Acts of the First Called Session of the 42nd Legislature; providing that any section, sentence, clause, phrase or word of this Act shall be severable; and declaring an emergency."

Section 6 of the foregoing Act provides:

"Insofar as concerns the protection of fish and other edible aquatic animals, the Game, Fish & Oyster Commission or the duly authorized deputies thereof, are especially charged with enforcement of this Act, and all fines imposed for violation of this Act, and any fees of the arresting officers shall be remitted to the Game, Fish & Oyster Commission and shall be deposited in the State Treasury to the credit of the General Fund."

Articles 950 and 951 of Vernon's Annotated Code of Criminal Procedure are general statutes concerning "commissions

Honorable Wm. J. Tucker, page 3

on collections."  These articles read as follows:

"Art. 950.  The district or county attorney shall be entitled to ten per cent of all fines, forfeitures or money collected for the State or county upon judgments recovered by him; and the clerk of the court in which said judgments are rendered shall be entitled to five per cent of the amount of said judgments, to be paid out of the amount when collected."

"Art. 951.  The sheriff or other officer, except the justice of the peace or his clerk, who collects money for the State or county, except jury fees, under any provision of this Code, shall be entitled to retain five per cent thereof when collected."

Article 4025, Vernon's Annotated Civil Statutes, provides:

"Of all fines collected for infraction of the fish and oyster laws, ten per cent shall go to the prosecuting attorney and the residue thereof shall go to the General Fund of this State. All funds collected by deputy commissioners along the coast for register certificates, licenses, and rents for locating private oyster beds, and such other charges relating to the fish and oyster laws as may be prescribed, shall be by such deputies paid over weekly to the Commissioner, who, in turn, shall deposit the same monthly in the State Treasury to the credit of the General Revenue Fund."

Article 912 of Vernon's Annotated Penal Code, reads, in part, as follows:

"It shall be the duty of any justice of the peace, clerk of any court, or any other officer of this State, receiving any fines or penal-

ties imposed by any court for violation of any
of the laws of this State pertaining to the
protection and conservation of * * * fish, oysters,
* * * within ten days from and after the receipt
or collection of such fine or penalty, to remit
same to the Game, Fish & Oyster Commission at Austin,
giving docket number of case, name of persons fined,
and section or article of the law under which con-
viction was secured, when such laws are required to
be enforced by the Game, Fish & Oyster Commission."

It will be noted that the Game, Fish & Oyster Com-
mission or the duly authorized deputies thereof, are expressly
charged with the enforcement of House Bill No. 439, supra, by
Section 6 of said Act.   Section 6 also provides:

"All fines imposed for violation of this
Act and any fees of arresting officers shall be
remitted to the Game, Fish & Oyster Commission and
shall be deposited in the State Treasury to the
credit of the General Fund."

The foregoing Act (H. B. No. 439, supra) is vague,
indefinite, confusing and difficult to interpret, however, it is
our opinion that the terms "arresting officers," as used in Sec-
tion 6, refers only to the Game, Fish & Oyster Commission or the
duly authorized deputies thereof; it does not apply to peace
officers generally. The Game, Fish & Oyster Commission and the
duly authorized deputies thereof are compensated on a salary
basis. When the Game, Fish & Oyster Commission or any duly au-
thorized deputy thereof, is the arresting officer, then, of course,
any fees of the arresting officers must be remitted to the Game,
Fish & Oyster Commission, to be deposited in the State Treasury
to the credit of the General Fund.

House Bill No. 439, supra, (Article 978f, V. A. C. S.)
is a fish and oyster law insofar as it concerns the protection of
fish, oysters and other edible aquatic animals.  Article 4025,
supra, provides that ten per cent of all fines collected for the
infraction of the fish and oyster laws shall go to the prosecuting
attorney and the residue thereof shall go to the General Fund of
this State.  We are not concerned here with the disposition of
ten per cent going to the prosecuting attorney, therefore, it
is not necessary to determine whether this ten per cent is per-
sonally retained by the prosecuting attorney or whether it should

348

be paid into the Officers' Salary Fund. The answers to these
questions depend on the facts in each case, and particularly
whether the county officers are compensated on a fee or salary
basis.

It is our opinion that Article 4025, and House
Bill No. 439, supra, must be read and construed together.
Therefore, the prosecuting attorney is entitled to ten per
cent of all fines collected for any infraction of said H. B.
439, whether it be an infraction concerning the protection of
fish, oysters and other edible aquatic animals, or some other
violation of the Act. It is our further opinion that in all
instances where the prosecution is instigated by the Commission
or its duly authorized deputies, all fees for making the arrest
which deputies are entitled to collect from the defendant, upon
conviction, are to be collected and remitted to the Commission
to be by it deposited in the State Treasury to the credit of the
General Fund.

It is also our opinion that when a conviction has
been obtained under this Act where the complaint was not filed
by one of the Commission's officers, that the fine collected and
the fees earned by local officers are to be disposed of as pro-
vided for by the general statutes. Stated another way, the
Commission is neither interested in the disposition of the fines
collected, nor the fees earned by local officers where it did
not make the case nor its officers make the arrest, except where
a person is convicted under the Act insofar as its concerns the
protection of such fish and other edible aquatic animals, then
the residue of the fine collected after deducting commissions
due local officers should be remitted to the Commission to be
disposed of as provided by the Act.

Very truly yours

NOV 8, 1943

ATTORNEY GENERAL F TEXAS

By

Ardell Williams
Assistant

AW:EP
Encl.


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN